# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MEGAN and TIM MADDEN, NICOLE and PETER CURRY, LAURA WILLIAMS, KRISTA JOHNSON, KAYLA BRITTON and MICHAEL BIRRELL, SHATARA BROWN and STEPHANIE AIKEN, and TRACY and QUINN WILLIAMS, <br><br>    Plaintiffs, <br><br> vs. <br><br> PETLAND SUMMERVILLE, LLC, PETLAND, INC., BRAD PARKER, DEBRA PARKER, LAMAR PARKER, and KRISTEN PARKER, <br><br>    Defendants. | No. 2:20-cv-02953-DCN <br><br> **ORDER** |

The following matter is before the court on plaintiffs Megan and Tim Madden, Nicole and Peter Curry, Laura Williams, Krista Johnson, Kayla Britton and Michael Birrell, Shatara Brown and Stephanie Aiken, and Tracy and Quinn Williams's ("plaintiffs") motion to remand, ECF No. 13. For the reasons set forth below, the court denies the motion without prejudice.

## I. BACKGROUND

Petland, Inc. is an Ohio-based corporation and franchisor of Petland pet stores. See ECF No. 1-2, Compl. ¶ 42. Plaintiffs are South Carolina citizens who purchased dogs from a franchisee owned and operated pet store in Summerville, South Carolina— Petland Summerville, LLC ("Petland Summerville"). Id. at ¶¶ 7, 49-55, 70, 88, 103, 117, 131, 143, 155. Plaintiffs allege that the purchased dogs later developed various illnesses that were attributable to the breeding practices of the various breeders who sell to

1

Petland, Inc. and Petland Summerville. Id. Plaintiffs further allege that they were enticed into purchasing these dogs based on representations made by employees of Petland Summerville that the dogs come from reputable breeders and were healthy. Id. On July 15, 2020, plaintiffs filed suit in Court of Common Pleas for Dorchester County, South Carolina against Petland, Inc., Petland Summerville, and the alleged owners and managers of Petland Summerville—defendants Brad Parker, Debra Parker, Lamar Parker, and Kristen Parker (the "Parkers") (collectively, "defendants").[1] Id. at ¶ 48. Plaintiffs' causes of action include: negligence; gross negligence; negligent misrepresentation; breach of contract; breach of contract accompanied by a fraudulent act; constructive fraud; fraud and misrepresentation; intentional infliction of emotional distress; and violations of the South Carolina Unfair Trade Practices Act.

On August 14, 2020, Petland Summerville and the Parkers removed the action to this court, alleging diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1. Petland, Inc. consented to and joined in the notice of removal. ECF No. 1-1. On August 28, 2020, defendants Debra Parker and Petland, Inc. moved to dismiss for lack of personal jurisdiction. ECF Nos. 5, 7, respectively. On September 14, 2020, plaintiffs filed a motion to remand the action to state court, ECF No. 13, and a motion to stay proceedings during the pendency of the motion to remand, ECF No. 14. On September 21, 2020, the court granted the motion to stay, except for briefing and proceedings regarding the instant motion to remand. ECF No. 15. On September 25, 2020, Petland Summerville and the Parkers responded to the motion to remand. ECF No. 16. On

---

[1] In their answer, Brad Parker, Lamar Parker, and Kristen Parker only admit that "some" of these alleged defendants are members or owners of Petland Summerville. ECF No. 6, ¶ 48.

September 28, 2020, Petland, Inc. also responded in opposition to the motion. ECF No. 18. Plaintiffs did not file a reply, and the time to do so has now expired. As such, the motion to remand is now ripe for review.

## II.   STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

## III.   DISCUSSION

Plaintiffs argue that the court should remand this action to the Dorchester County Court of Common Pleas because it lacks subject-matter jurisdiction over plaintiffs'

claims. Specifically, plaintiffs argue that this court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332, as defendants have not proven that complete diversity of citizenship between the parties exists.[2]

Complete diversity exists where "the state of citizenship of each plaintiff [is] different from that of each defendant." Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999). "A limited liability company organized under the laws of a state is not a corporation . . . [but rather] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." My IV Spa LLC v. Hydration Station USA Franchise Sys. LLC, 2018 WL 3867794 at *2 (D.S.C. Aug. 15, 2018) (citing Gen. Tech. Applications, Inc. v. Exro Ltd., 388 F.3d 114, 121 (4th Cir. 2004)); see also Sulka v. Hoagland, 2019 WL 4409464, * 2 (D.S.C. Sept. 16, 2019) ("It is well settled that an LLC is a citizen of every state in which any of its members are domiciled, not in the state in which it was formed."). For the purposes of jurisdiction, a person is a citizen of the state in which she is domiciled. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017).

The parties agree that plaintiffs are all South Carolina citizens and that Petland, Inc. is an Ohio corporation with its principal place of business in Ohio. Thus, only Petland Summerville's citizenship is at issue in this motion. In the notice of removal, defendants alleged that Petland Summerville "is a 'citizen' of the state of Georgia because all of its members are domiciled in Georgia." ECF No. 1 at 3-4. Plaintiffs

---

[2] Defendants do not dispute that the court does not have federal question jurisdiction under 28 U.S.C. § 1331, as all of plaintiffs' claims arise under South Carolina statutory and common law. Likewise, the parties agree that the amount of controversy requirement is met for the purposes of § 1332.

complain that "Petland Summerville asserts that its members are domiciled in the State of Georgia, without providing explanation of who the members of the LLC are." ECF No. 13 at 2. As such, plaintiffs argue that it is "impracticable to assume there is complete diversity among the parties." Id. In their responses to the motion to remand and through submitted affidavits of Lamar Parker, defendants confirm that Kristen and Lamar Parker are the only two members of Petland Summerville and were the only two members at the time the lawsuit was filed. ECF No. 16 at 2; ECF No. 16-1, ¶¶ 2, 5, 6, 9, 10. Defendants also confirm that Lamar and Kristin Parker are domiciled in, and thus citizens of, the State of Georgia. ECF No. 16 at 2; ECF No. 17, ¶¶ 4-5; ECF No. 16-1, ¶¶ 1, 7. As such, the court is satisfied that Petland Summerville is a citizen of Georgia and that the state of citizenship of each plaintiff is different from that of each defendant.[3] Accordingly, complete diversity exists between the parties, and the court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** the motion without prejudice.

**AND IT IS SO ORDERED.**

---

[3] Plaintiffs also argue that the court must determine Petland Summerville's "nerve center" and principal place of business to establish complete diversity of citizenship. However, as defendants rightfully point out, the nerve center and principal place of business analysis is relevant only to the citizenship of a corporation—not a limited liability company like Petland Summerville. "Instead, an LLC's [] citizenship is determined solely by the citizenship of all its members [] not by the state in which it is legally organized or has its nerve center." Jennings v. HCR ManorCare Inc., 901 F. Supp. 2d 649, 653 (D.S.C. 2012). As such, the court need not determine Petland Summerville's nerve center or principal place of business to conduct its diversity of citizenship analysis.

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 6, 2020**
**Charleston, South Carolina**